IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-172-FL

| ROBERT EARL HARRIS, as Heir in | ) | |
|---|---|---|
| Special Circumstances of the Estate of | ) | |
| Sarah D. Harris, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHOENIX ASSISTED CARE, LLC, | ) | MEMORANDUM AND |
| WAKE COUNTY DEP'T OF HUMAN | ) | RECOMMENDATION |
| SERVICES, KRISTEN BOOKER, | ) | |
| BROOKE BLANTON, ROBERT E. | ) | |
| MONROE, STELA SUSAC PAVICH, | ) | |
| PHYLLIS THOMAS, and Does 1 | ) | |
| through 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

On March 7, 2013, Plaintiff Robert Harris[1] ("Plaintiff"), appearing *pro se*, filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE-1]. On March 25, 2013, the court allowed Plaintiff's motion to proceed *in forma pauperis*, but directed Plaintiff to file a particularized complaint within twenty-one (21) days of entry of the court's order. [DE-3]. Plaintiff filed a particularized complaint on April 15, 2013 [DE-4], and the court now conducts its review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2). For the reasons stated below, this court recommends that Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

## I. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the court reviews his allegations in

---

[1] The caption in Plaintiff's original complaint identified this action as "In Re Sarah D. Harris, Robert Earl Harris." *See* [DE-1]. Plaintiff has amended the caption in his particularized complaint.

accordance with 28 U.S.C. § 1915(e)(2)(B), and shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams*, 40 F.3d at 75 (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. *Neitzke,* 490 U.S. at 325. Although a complaint of a *pro se* plaintiff is entitled to more liberal treatment than those drafted by attorneys, *White v. White,* 886 F.2d 721, 724 (4th Cir. 1989), the court is not required to accept a *pro se* plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (explaining under predecessor statute 28 U.S.C. § 1915(d) that "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations"). Rather, the court is permitted "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Examples of such claims include those with factual allegations that are "fanciful," "fantastic" or "delusional." *Id.* at 325, 328.

As part of its review pursuant to 28 U.S.C. § 1915, the court may consider whether it has subject-matter jurisdiction of the case. *See Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the

2

litigation is often the most efficient procedure"); *Tart v. Tart*, No. 5:10-CV-557-FL, 2010 WL 5582470, at *1 (E.D.N.C. Dec. 10, 2010) (recommending dismissal of state law claims for lack of subject-matter jurisdiction as part of court's review under 28 U.S.C. § 1915), *adopted*, 2011 WL 127467 (E.D.N.C. Jan. 14, 2011); *Wright v. Huggins*, No. 5:09–CV–551–D, 2010 WL 2038806, at *2-3 (E.D.N.C. Mar. 11, 2010) (dismissing complaint on basis of lack of subject-matter jurisdiction as part of district court's frivolity review under 28 U.S.C. § 1915) (citations omitted). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject-matter jurisdiction rests on the party invoking the jurisdiction of the court, here Plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

Federal subject-matter jurisdiction lies where a claim asserted by plaintiff raises a federal question or where there is diversity of citizenship between plaintiff and defendant. 28 U.S.C. §§ 1331, 1332. Federal question subject-matter jurisdiction exists where plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires plaintiff to demonstrate that none of the defendants holds citizenship in the same state as plaintiff, and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

3

In the present case, Plaintiff is a resident of North Carolina and has brought suit against named individuals and entities that are residents of North Carolina.[2] [DE-1] ¶ 13; Compl. ¶¶ 1-8. Furthermore, Plaintiff's complaint contains claims against Defendants for "the death of a person caused by the wrongful act or neglect of another," related to the death of Plaintiff's mother, Sarah Harris ("Decedent"), claims which sound in North Carolina tort law. Compl. ¶ 1. The complaint states generally that Plaintiff is asserting claims for elder abuse, negligence, elder financial abuse, medical battery, and wrongful death. In particular, Plaintiff alleges Defendants failed to provide proper medical care and failed to properly investigate and report alleged abuse. Compl. ¶¶ 20, 28, 35. Specifically, Plaintiff alleges that Defendants over-medicated Decedent and failed to treat Decedent's bed sores and dehydration. *Id.* ¶¶ 22, 23, 24. Plaintiff alleges the "overmedication [sic] [] facilitated Decedent's death." *Id.* ¶ 27. Plaintiff also alleges that Defendants had Decedent sign legal documents when she was incapacitated and used such documents to wrongfully obtain Decedent's property and also executed wrongful withdrawals from Decedent's bank account. Compl. ¶¶ 15-16, 18, 37-40, 41. Plaintiff's claims raise neither a federal question nor does there appear to be diversity of citizenship between the parties. Consistent with its duty in interpreting Plaintiff's claims liberally, the court cannot discern any basis for federal subject-matter jurisdiction over the purported claims contained in Plaintiff's complaint. Accordingly, this court recommends the complaint be dismissed without prejudice. *See Tart*, 2010 WL 5582470, at *2.

### III. CONCLUSION

For the reasons stated above, this court RECOMMENDS that Plaintiff's complaint be

---

[2] Plaintiff's complaint also lists unnamed defendants "Does 1 through 50, inclusive" that Plaintiff seeks to name in an amended action once their identity is ascertained. Compl. ¶ 9.

4

DISMISSED WITHOUT PREJUDICE.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This, the 2nd day of May, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge