IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-172-FL

| | |
|---|---|
| ROBERT EARL HARRIS, as Heir in Special Circumstances of the Estate of Sarah D. Harris, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) ORDER |
| PHOENIX ASSISTED CARE, LLC, WAKE COUNTY DEP'T OF HUMAN SERVICES, KRISTEN BOOKER, BROOKE BLANTON, ROBERT E. MONROE, STELA SUSAC PAVICH, PHYLLIS THOMAS and Does 1 through 50, inclusive, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter comes before the court on the memorandum and recommendation ("M&R") of Magistrate Judge Robert B. Jones, Jr., pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed objection to M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge and dismisses the complaint without prejudice.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

On March 7, 2013, plaintiff filed an application to proceed *in forma pauperis* in this action seeking money damages against defendant. On March 25, 2013, the magistrate judge found that plaintiff had demonstrated sufficient and appropriate evidence of inability to pay the required courts costs, but allowed plaintiff twenty-one (21) days to file a particularized complaint where plaintiff's proposed complaint failed to include any allegations of fact regarding the nature of the dispute or to indicate the basis of the court's jurisdiction over the action. Plaintiff timely filed such a particularized complaint (DE 4). It was then recommended in M&R that the court dismiss plaintiff's particularized complaint without prejudice on the basis of frivolity. (DE 5).

The court will dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A case is "frivolous" if it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, the M&R recommends dismissal of the complaint for lack of subject matter jurisdiction. As noted by the M&R federal subject matter jurisdiction lies where a plaintiff's claim raises a federal question, or where there is diversity of citizenship between plaintiff and defendant. 28 U.S.C. § 1331, 1332. Here, plaintiff is a resident of North Carolina and has brought suit against residents of North Carolina. Therefore for federal jurisdiction to lie, plaintiff must raise

2

a federal question. As noted in the M&R, plaintiff's claims for elder abuse, negligence, elder financial abuse, battery, and wrongful death sound as state law tort claims.

In plaintiff's objection to the M&R, plaintiff discusses various federal statutes relating to protective orders, and elder justice. The issue before the court, however, is not the existence of federal laws relating to elder justice, but the claims presented to the court by plaintiff's complaint. Upon *de novo* review, the court finds that plaintiff's objection provides no reason to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's complaint is therefore DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). The clerk is directed to close this case.

SO ORDERED, this the 21st day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge